# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed October 24, 2005

Division No. 95-1

IN RE: HENRY G. CISNEROS

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

## O R D E R

It is **ORDERED, ADJUDGED,** and **DECREED** that the motion of the Independent Counsel to release the Final Report and all comments not directed to Section V is granted in part and denied in part; and that the motion of certain individuals named in the Report to order that the Report not be released is granted in part and denied in part. Specifically, the Court orders that the Independent Counsel, with all deliberate speed, prepare for release and make release of the now pending Final Report, except for that portion designated as Section V.

It is **FURTHER ORDERED** that the Independent Counsel prepare a sealed appendix consisting of Section V as ordered modified in the accompanying opinion and the comments directed to that Section for retention in the archives of the Court

and for release to the Congress of the United States as hereinafter ordered.

Specifically, the Independent Counsel shall prepare for delivery copies of the sealed appendix for the use of the Majority and Minority Leaders of the United States Senate; the Speaker, Majority and Minority Leaders of the United States House of Representatives; the Chairman and Ranking Minority Member of the Senate Judiciary Committee; and the Chairman and Ranking Minority Member of the Judiciary Committee of the United States House of Representatives for circulation to such of their members and staff as they deem necessary in the pursuit of their legislative and oversight functions. Should the Congress or its officials deem it necessary to circulate the contents of the appendix beyond the members and staff of the Congress, it is requested that the Congress give the Special Division of the United States Court of Appeals for the District of Columbia Circuit due notice of such intent, in order that the Court may give notice to the Independent Counsel and parties named in the Report as may be necessary under the circumstances. Should the Special Division have ceased to function by such time, it is then requested that the notice be delivered to the Clerk of the United States Court of Appeals for the District of Columbia.

On the Court's own motion, the Court concludes that while the complete termination of the Office of the Independent Counsel in the above-captioned matter is not currently appropriate under the standards set forth in 28 U.S.C. § 596(b)(2), the substantive duties of the Independent Counsel are complete, and it is therefore ordered that the Independent Counsel shall continue the operation of his office only to the extent necessary to fulfill the following duties: (1) respond to application for attorneys' fees; (2) publish the Final Report; (3) complete archiving responsibilities; (4) perform any remaining

administrative functions attendant to closing down his office.

The effects of this order to release shall be stayed for ten days or until such time as the Supreme Court shall act upon an application for stay, whichever shall last occur. The purpose of this decretal paragraph is to permit any party desiring to do so to seek a stay from the Supreme Court. If no such stay is sought within the period granted by this paragraph, then this stay shall be lifted. To achieve these ends, it is ordered that counsel for any party seeking a stay from the Supreme Court shall notify the Clerk of the Untied States Court of Appeals for the District of Columbia Circuit of that fact upon the filing of application for such stay, and shall further notify the Clerk promptly upon learning of the disposition of such application.

*PER CURIAM*
For the Court:
Mark J. Langer, Clerk
By:


Marilyn R. Sargent
Chief Deputy Clerk

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed October 24, 2005

Division No. 95-1

IN RE: HENRY G. CISNEROS

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

Opinion for the Special Division filed by *Presiding Judge* SENTELLE.

SENTELLE, *Presiding Judge*: This matter comes before us on the motion of the Independent Counsel ("IC") appointed by the Court for the investigation of matters concerning former Secretary of Housing and Urban Development, Henry G. Cisneros, to authorize public release of the Final Report of his investigation. Other movants have sought an order of the Court sealing the Report of the Independent Counsel in toto or in part. The IC prepared the Report in question pursuant to 28 U.S.C. § 594(h), which requires that "before the termination of the independent counsel's office," the independent counsel shall "file a final report with the division of the court, setting forth

fully and completely a description of the work of the independent counsel, including the disposition of all cases brought." 28 U.S.C. § 594(h)(1)(B).

## Background

By way of background, on May 24, 1995, the Special Division appointed David M. Barrett as Independent Counsel to investigate and, if necessary, prosecute offenses arising from allegedly false statements that Secretary Cisneros had made to the Federal Bureau of Investigation during the background investigation leading to his appointment as HUD Secretary. In September of 1997, the Independent Counsel obtained an indictment of Linda Medlar, Cisneros's mistress, for making false statements to the Independent Counsel and the FBI. The same indictment charged relatives of Medlar with bank fraud and making false statements to federally insured financial institutions. All defendants ultimately pleaded guilty.

In December of 1997, the Independent Counsel obtained indictments of Cisneros, Medlar, and two of Cisneros's employees for making false statements to federal officials in the 1992-93 background investigation, and conspiring to make false statements. After Medlar agreed to cooperate with the prosecution in return for a dismissal of the charges against her, Cisneros pleaded guilty to a misdemeanor count of lying to the FBI. Charges against the remaining defendants were then dismissed at the OIC's request.

Based on evidence developed during the investigation to that date, the Independent Counsel continued investigation as to possible obstruction of justice offenses committed during the investigation. The continuing investigation also concerned tax matters for the year 1992, over which the Independent Counsel

had gained jurisdiction by an amending order in March of 1997.[1] The investigation ended recently. At the close of those investigations, the Independent Counsel is obligated to file the Report presently before the Court. Section V of the current Report covers investigations of alleged obstructions of justice and tax-related matters conducted largely after the conclusion of all plea and sentencing provisions under the original grant of jurisdiction.

The IC and the parties address their motions to this Court pursuant to § 594(h)(2), which authorizes the Court to "release to the Congress, the public, or any appropriate person, such portions of a report made under this subsection as the Division of the Court considers appropriate."

On at least two prior occasions, we have noted that this "reporting requirement is a unique feature of the now-lapsed statute creating the unique office of independent counsel." *In re Espy*, 259 F.3d 725, 728 (D.C. Cir., Spec. Div., 2001). *See also In re North*, 16 F.3d 1234, 1239 (D.C. Cir., Spec. Div., 1994). Investigations conducted by other federal prosecutors normally result in indictments, informations, or no official document of any sort. The issuance of the unique independent counsel report, a document issued by a prosecutor not under the aegis of either the court or a grand jury, yet potentially harmful to the reputations of persons investigated but not indicted or otherwise charged, is "certainly troubling," and in our prior considerations of motions for release like the one before us today we have found those considerations most vexing. *In re Espy*, 259 F.3d

---

[1]While the Attorney General supported the proposed expansion for the year 1992, the Independent Counsel also sought jurisdiction to investigate tax offenses in the tax years 1989, 1991, and 1993. The Independent Counsel did not obtain those expansions of his jurisdiction.

at 728; *see also In re North*, 16 F.3d at 1236. This problem is especially vexatious considering that such reports, as in *North*, *Espy*, and the present case, often contain grand jury material governed by the confidentiality provisions of Fed. R. Crim. P. 6(e).

**Rule 6(e) Problems**

Rule 6(e) declares that "an attorney for the government" "must not disclose a matter occurring before the grand jury," "unless these rules provide otherwise." Fed. R. Crim. P. 6(e)(2). As the independent counsel is an attorney for the government, any release of grand jury material by him, including his final report, falls within the protective provisions of Rule 6(e). *In re Espy*, 259 F.3d at 728; *In re North*, 16 F.3d at 1242. Under that rule, insofar as the report exposes grand jury material, the material so exposed may not be released to the public, except as provided for in the Federal Rules of Criminal Procedure. On prior occasions we have found authority for release in Fed. R. Crim. P. Rule 6(e)(3)(C): "Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made (I) when so directed by a court preliminary to or in connection with a judicial proceeding." *In re Espy*, 259 F.3d at 728.[2] Noting that this exception to the grand jury secrecy rule "empowers courts to authorize release of otherwise secret material governed by Rule 6(e) in judicial proceedings," we have ruled that the court's function in

---

[2]Subsequent to *In re Espy*, Congress amended Rule 6(e) several times. *See, e.g.*, Pub. L. No. 107-56, 115 Stat. 272, § 203(a)(1) (the Patriot Act). The current text of Rule 6(e) differs in form but not in substance. *See* Fed. R. Crim. P. 6(e)(3)(E)(i) ("The court may authorize disclosure–at a time, in a manner, and subject to any other conditions that it directs–of a grand jury matter preliminarily to or in connection with a judicial proceeding.").

determining whether to release such reports is a judicial proceeding. *Id.*; *see also In re North*, 16 F.3d at 1244. Thus, we may order the release of the material in the report before us "if we find such release to be otherwise lawful and appropriate." *In re Espy*, 259 F.3d at 728; *see also Morrison v. Olson*, 487 U.S. 654, 681 (1988) (comparing "the functions that the Special Division is empowered to perform . . . to functions that federal judges perform in other contexts, such as deciding whether to allow disclosure of matters occurring before the grand jury").

Therefore, as in *In re North* and *In re Espy*, we are satisfied that we have jurisdiction to enter the order prayed by the Independent Counsel. This does not, however, end the inquiry as to whether we should grant the order releasing the material; that is, we must still determine whether such release would be otherwise lawful and appropriate.

## Propriety of Disclosure

On the prior occasions on which we have issued opinions governing the propriety of disclosure of independent counsel reports, and more specifically of grand jury materials contained in such reports, we have applied an analysis weighing four not necessarily exclusive factors:

[1] whether the subjects of the investigations have already been disclosed to the public;

[2] whether the subjects do not object to the filings being released to the public;

[3] whether the filings contain information which is already publicly known; and

[4] whether the court filings consist of legal or factual

rulings in a case which should be publicly available to understand the court's rules and precedents or to follow the developments in a particular matter.

*In re North*, 16 F.3d at 1237 (quoted and applied in *In re Espy*, 259 F.3d at 729). We again apply those factors to the Cisneros Report.

We first ask "whether the subjects of the investigations have already been disclosed to the public." In both *In re North* and *In re Espy* we found that the subjects had been officially disclosed in the course of criminal trials. Therefore, in those cases we found that the first factor weighed in favor of release. In the present investigation, at least as to the parts of the investigation contained in Section V of the Report, the same is not true. Some subjects may have been disclosed; others have not. That part of the investigation did not result in indictments, certainly fostered no trials, and concerned individuals whose identities have not been generally disclosed to the public. The only appearances of the subjects in any proceedings were to the grand jury under the secrecy rule of 6(e). In the present case, factor one weighs against disclosure, at least as to Section V.

The second factor asks "whether the subjects do not object to the filings being released to the public." In *In re North*, *In re Espy*, and the present investigation, as well as other independent counsel investigations, we have provided opportunity for comment. In *In re North* and *In re Espy*, we found that by far the greatest number of subjects had not used that commenting opportunity to object to the release of the Report. In the present case many commenters, either implicitly or explicitly, question the propriety of release. We therefore find that the second factor weighs against a release of that portion of the Report dealing with matters not explored in the criminal proceedings against Secretary Cisneros or anyone else indicted as a result of the

investigation. Thus, we find that as to Section V of the Report, but not the balance of the Report, that factor weighs against release. As to the portions not contained in Section V, we do not find sufficient objection to warrant withholding of the Report.

Our reasoning with respect to the third factor overlaps that applicable to the second factor. That factor asks "whether the filings contain information which is already public known." In *In re North*, we noted that "[n]ot only is the information widely known, it is widely known incorrectly." *In re North*, 16 F.3d at 1240. We therefore concluded "that a more complete version of the information coupled with the opportunity for comment by the persons named created a strong impetus for release." *In re Espy*, 259 F.3d at 729. Applying that reasoning in *In re Espy*, we noted that the only objecting commenter in that case himself pointed out that "most of the story" about which the commenter was concerned "was disclosed in a public forum, Secretary Espy's trial." *Id.* Again, the same is not true as to the matters contained in Section V of the Report. As to those matters directly concerned with Secretary Cisneros and persons associated with him which were disclosed in the criminal proceedings against Cisneros, those generally fall outside Section V of the Report. As to them, this factor weighs in favor of release. However, the matters contained in Section V generally concern investigations that were conducted and grand jury material that came into being or was accumulated after the Cisneros proceedings. Therefore, this factor weighs against the release of Section V of the Report.

The fourth factor, "whether the court filings consist of legal or factual rulings in a case which should be publicly available to understand the court's rules and precedents or to follow the developments in a particular matter," was of little weight in either the *In re North* or *In re Espy* cases. *See In re Espy*, 259

F.3d at 730; *In re North*, 16 F.3d at 1241. As we noted in those cases, if that factor had generated an affirmative answer, it might strongly weigh in favor of release. However, in this case, as in *In re Espy*, we determine that "[b]y no means does the Report consist entirely or even marginally of such rulings." 259 F.3d at 730. This is especially true of the Section V material. Therefore, while this may not be the most important of the four factors, it weighs little with respect to most of the Report, but weighs negatively with respect to Section V.

While we concluded in *In re North* and *In re Espy* that the motions for publication of the Independent Counsel's Report, together with comments filed by the persons named in the Report, should be granted, here we make that ruling as to the greater portion of the Report, that is, the parts contained in all sections except Section V. We therefore order that the Report of the Independent Counsel, together with commenters named in parts of the Report other than Section V, should be published to the public. With respect to Section V, the motion of the Independent Counsel is denied, and we order that Section V of the Report be not publicly disclosed. This same ruling applies to those comments directed to the material in that section.

## Release to Congress

As noted above, the statute provides that "the court may release *to the Congress*, the public, or any appropriate persons such portions of the report made under this subsection as the Division of the Court considers appropriate." 28 U.S.C. § 594(h)(2) (italics supplied). We are aware that there is congressional interest in the contents of this Report. *See* Editorial, *10 Years and Counting*, N.Y. Times, Oct. 6, 2005, at A36; Jonathan Weisman, *Cisneros Convicted in '99, But the Probe Goes On*, Wash. Post, Oct. 1, 2005, at A1. The continuing expenditure of government funds and resources

under the now-lapsed statute is obviously a matter within the responsibility and concern of the Congress. We therefore have provided in the accompanying order that the entire Report, inclusive of Section V, be provided to appropriate officials of the Congress for such distribution to other Members as they deem necessary in the pursuit of congressional duties. We note that in a separate order directed to the Independent Counsel, we have provided for discrete deletions from all versions of the Final Report in order to protect extremely confidential information.

## Conclusion

In summary, we grant the Independent Counsel's motion to publish his Report to the extent of the material concerning the investigation of Secretary Cisneros and persons associated with him; we however deny the motion as to the publication of material contained in Section V of the Report except to the extent set forth above as to the publication of the Report to the Congress of the United States.

*So ordered*.